UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In re:

MONIEC MICHAELA LOWERY,

          Debtor.

_____/

Case No. 22-00492-swd
Hon. Scott W. Dales
Chapter 13

## MEMORANDUM OF DECISION AND ORDER

PRESENT:    HONORABLE SCOTT W. DALES
                    Chief United States Bankruptcy Judge

Chapter 13 debtor Moniec Lowery (the "Debtor") and her husband, Calvin Alston, agreed with her chapter 13 trustee, Brett N. Rodgers (the "Trustee"), to entry of an order requiring Mr. Alston's employer to remit to the Trustee a portion of Mr. Alston's wages each week to help the Debtor fund her chapter 13 plan. The parties, other than the employer who was not apprised of the proposed withholding, presented a payroll order to the Clerk who, under LBR 5003(a)(3), has authority to sign and enter payroll orders.

The Clerk, however, perceiving possible jurisdictional or due process issues, hesitated to enter the proposed order in this case and brought the matter to the court's attention. In response, the court promptly held a telephonic hearing on September 22, 2022, at which the Debtor and the Trustee appeared through counsel, and Mr. Alston also participated.

At the hearing Mr. Alston confirmed that he consents to the proposed withholding. For her part, the Trustee's counsel argued that, because the Debtor and Mr. Alston share a household, his earnings are included in the Debtor's disposable income, arguably putting his wages within the court's jurisdiction.

The court acknowledges Mr. Alston's consent but rejects the Trustee's disposable income argument. Although the proposed order clearly affects Mr. Alston (who consents), it also affects his employer by imposing upon that entity an obligation, in the nature of a mandatory injunction, to withhold and pay funds each week to the Trustee. The burden, though not heavy, is a burden nevertheless. The employer has not consented to the proposed order and is apparently ignorant of it. As for the Trustee's argument, although the Debtor's disposable income may eventually comprise Mr. Alston's earnings, his earnings are not her "earnings" within the meaning of 11 U.S.C. § 1306(a)(2), and are not really "income" to her in any practical sense until paid. The supposed jurisdictional link – if there is a link – is too tenuous.

Ordinarily, when the court enters a payroll order, the order enjoins a *debtor's* employer to remit to the trustee a debt that it owes to the debtor on account of post-petition earnings. In a chapter 13 case, a debtor's post-petition earnings from services are included within the property of the estate, and the court has exclusive *in rem* jurisdiction over such property. *See* 11 U.S.C. § 1306(a)(2) (property of the estate); 28 U.S.C. § 1334(e) (jurisdiction over property of the estate). Moreover, "an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee . . ." 11 U.S.C. § 542(b). So, in the usual case, the court does not hesitate to exercise its *in rem* jurisdiction over the employer's debt to the debtor by authorizing the Clerk to enter the payroll order *ex parte*. In effect, the obligation to remit funds flows from the statute, not the court.

In the present case, however, because the court has no jurisdiction over either the employer or its debt to Mr. Alston, and because the employer has no statutory turnover

obligation, the *ex parte* order the parties asked the Clerk to enter raises due process issues and likely exceeds the court's jurisdiction, *in rem* and *in personam* alike.

Thankfully, these issues are easy to address without burdening Mr. Alston's employer. As the Trustee's counsel helpfully suggested during the hearing, Mr. Alston can work with the Trustee to authorize deductions from Mr. Alston's bank account through the Trustee's TFS system. In this way, he can help his wife meet her obligations under chapter 13 without imposing a burden on his employer who, after all, is a stranger to the case.

For these reasons, the court announced its intention to refrain from entering the proposed payroll order.

NOW, THEREFORE, IT IS HEREBY ORDERED that the court will not sign and the Clerk shall not enter a payroll order in this case requiring Mr. Alston's employer to make any deductions from his wages or remit any funds to the Trustee.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon John Daniel Dodson, Esq., Elizabeth Clark, Esq., and transmit a copy of this Order to the Assistant United States Trustee for this District by first class U.S. Mail.

IT IS FURTHER ORDERED that Mr. Dodson shall serve a copy of this Order upon Mr. Alston by first class U.S. Mail or electronic mail to a good address.

END OF ORDER

**IT IS SO ORDERED.**

**Dated September 26, 2022**



Scott W. Dales
United States Bankruptcy Judge